**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 PENSION TRUST FUND, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:10-CV-368-PPS-APR |
| A.D. CONNER, INC., | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before me on defendant A.D. Conner's motion to vacate any and all defaults and for leave to answer the complaint *instanter* [DE 7], and Plaintiffs' motion for a default judgment [DE 6]. For the following reasons, Conner's motion to vacate is **GRANTED**, and Plaintiffs' motion for a default judgment is **DENIED**.

Plaintiffs filed their complaint against Conner on September 20, 2010 [DE 1]. The complaint seeks to recover pension fund contributions allegedly owed under a collective bargaining agreement between Conner and the union for which the Plaintiffs are the trustees [*Id.*]. Conner's registered agent was served on September 24, 2010 [DE 4], but Conner did not file a responsive pleading or appear. Then, on January 25, 2010, four months later, Plaintiffs moved for the clerk to enter a default against Conner [DE 5].

For reasons that are unclear from the docket, that motion was terminated, and so default was never entered. So, at this point, there is nothing to vacate. The Court, however, sees no reason why default should not have been entered. So, rather than denying Connor's motion as moot, I will evaluate it as though default had been entered, as it should have been.

On January 27, 2011, Plaintiffs filed the pending motion for a default judgment, asserting incorrectly that default has been entered in this case [DE 6]. Conner did not respond to the motion for a default judgment. Then, on April 4, 2011, attorney Steven Platt filed an appearance on behalf of Conner [DE 9], and Conner filed the pending motion to vacate on the same date [DE 7].

In its motion to vacate, Conner explains that it ceased operations in mid-October 2010, at which point it no longer operated out of the address to which Plaintiffs mailed the summons [DE 7]. That, in itself, would not explain why Conner did not receive a summons that was delivered to that address on September 24, 2010. Still, Conner further explains that it did not learn of this lawsuit until Plaintiffs mailed the pending motion for a default judgment to its former address, after Conner retrieved the mail from there, which Conner does "every few months"[*Id*., ¶ 6].

Conner, frustratingly, does not say when exactly it discovered that it had been sued, other than to say that this occurred sometime after Plaintiffs mailed the January 27, 2011 motion for default judgment to Conner's old address [*Id*., ¶¶ 3-7].[1] As to the substance of the complaint, Conner asserts that it has a meritorious defense, albeit one that it cannot now articulate, beyond the assertion that the amounts claimed by the Plaintiffs will inevitably contain errors [*Id*., ¶ 12].

Relief from entry of a default requested, as here, prior to entry of judgment is governed by Federal Rule of Civil Procedure 55(c) which provides that "[t]he court may set aside an entry

---

[1]Conner further asserts that the person served back in September 2010 may not currently be its registered agent [*Id*., ¶ 8]. But Conner never suggests that this individual was not its registered agent on the date Conner was served. So this information is not relevant to Conner's motion to vacate.

of default for good cause, . . . ." Fed. R. Civ. P 55(c). This standard is essentially the same as the standard for vacating a default judgment under Rule 60(b); however, relief under Rule 55(c) is more readily granted as relief under Rule 60(b) may be "much more limited and stringent." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *see also Davis v. Hutchins*, 321 F.3d 641, 646 n.2 (7th Cir. 2003); *Pretzel & Stouffer v. Imperial Adjusters, Inc.,* 28 F.3d 42, 45 (7th Cir. 1994) (providing that "the test is more liberally applied in the Rule 55(c) context").

In the Seventh Circuit, the moving party must show (1) good cause to set aside the default, (2) quick action to correct the default, and (3) the existence of a meritorious defense to the complaint. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The defaulting party must show that there is a reasonable explanation for the default that does not evidence willfulness. *Passarella v. Hilton Int'l Co.,* 810 F.2d 674, 678 (7th Cir. 1987). The defaulting party, therefore, must demonstrate that the default resulted from "mistake, inadvertence, surprise, or excusable neglect . . . ." *Id.* at 676.

Conner has met the good cause standard here. Conner alleges that it was not aware of the lawsuit because the summons and filings were mailed to an address that Conner had vacated soon after the lawsuit was filed. And Conner says it learned about the lawsuit only after Plaintiffs mailed the January 27, 2011 motion for a default judgment to Conner's former address. This would mean that Conner waited no more than nine weeks, at the most, before filing an appearance.

I find that Conner has shown good cause and quick action. It is true that Conner may well have let a couple of months pass, after discovering it had been sued, before appearing. But there is no indication that Conner's failure to file an appearance before April 4, 2011 was willful,

and not simply the result of excusable neglect relating to Conner vacating its former address. Conner also alleges a meritorious defense to the allegations in the complaint. It contends that the claimed amounts will inevitably contain errors due, in part, to the mis-classification of employees and mistakes in the audit. And Plaintiffs do not oppose this, nor have they responded to Conner's motion.

Given that Plaintiffs have not opposed the motion, and the fact that relief under Rule 55(c) is liberally granted, Conner's showing is sufficient to set aside the default that the clerk should have entered in this case. Conner's assertions as to when it discovered the lawsuit and why service on its registered agent did not put it on notice earlier are frustratingly vague. But the interests of justice—of allowing a suit to proceed to a judgment that is fair and based on a full presentation of the evidence—weigh in favor of allowing this case to be tried on the merits. Accordingly, defendant Conner's motion to vacate [DE 7] is **GRANTED**.

As for Plaintiffs' motion for a default judgment, the entry of a default pursuant to Rule 55(a) is a prerequisite to the entry of a default judgment. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ( "There are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment. Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks."). Because default was never entered in this case, Plaintiffs' motion for a default judgment [DE 6] is **DENIED** as premature. The Court notes, however, that even if default had been entered, as it should have been, the granting of Conner's motion to vacate would have mooted Plaintiffs' motion for a default judgment.

The Clerk is **INSTRUCTED** to **ENTER** defendant Conner's proposed answer to the

4

complaint, attached to Conner's motion to vacate as **DE 7-1**, as Conner's **ANSWER** in this matter.

This case is **REFERRED** to Magistrate Judge Andrew P. Rodovich for all pretrial matters.

**SO ORDERED.**

ENTERED**:** April 27, 2011

s/ Philip P. Simon  
PHILIP P. SIMON, CHIEF JUDGE  
UNITED STATES DISTRICT COURT