UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TRUSTEES OF THE TEAMSTERS UNION )
LOCAL NO. 142 PENSION TRUST     )
FUND,                           )
                                )
          Plaintiff             )
                                )
          v.                    )    CIVIL NO. 2:10 cv 368
                                )
AD CONNER, INC., and HEIDENREICH)
TRUCKING COMPANY,               )
                                )
          Defendant             )

OPINION AND ORDER

This matter is before the court on the Motion for Sanctions Against Defendant Heidenreich Trucking Company [DE 36] filed by the plaintiff, Trustees of the Teamsters Union Local No. 142 Pension Trust Fund, on June 27, 2012.  For the following reasons, the motion is **DENIED WITHOUT PREJUDICE.**

Background

The plaintiff, Trustees of the Teamsters Union Local No. 142 Pension Trust Fund, filed a complaint against AD Conner, Inc., on September 20, 2010.  The complaint later was amended to add Heidenreich Trucking Company, an Illinois corporation, on July 12, 2011.  The complaint identifies Conner and Heidenreich as affiliated business enterprises with common officers, ownership, directors, management, employees, and supervision.  The plaintiff

describes Heinenreich as a successor entity and alter ego of Conner.

On November 1, 2011, the court was informed that Conner filed for bankruptcy and stayed all proceedings against Conner. The suit remained pending against Heidenreich.  On April 2, 2012, counsel for both defendants filed a motion for leave to withdraw. In his motion, counsel stated that Heidenreich also was in bankruptcy and went completely out of business on March 1, 2012.  The court granted the defendants' counsel leave to withdraw.  The court instructed the plaintiff to file a report within 30 days as to the status of the case.  The plaintiff was granted leave to file the report by June 29, 2012, but has yet to file a status report.

On June 27, 2012, the plaintiff filed a motion for sanctions against Heidenreich, complaining that Heidenreich never responded to discovery and does not have counsel as a corporation is required.

<u>Discussion</u>

A corporation has the capacity to sue and be sued by the law under which it was organized.  Federal Rule of Civil Procedure 17(b). Under Illinois law, upon the filing of the Articles of Incorporation, the corporation's legal existence commences, and the corporation may sue or be sued.  805 ILL. COMP. STAT. 5/2.15.

2

Common law provides that a corporation's legal existence continues until the time it is dissolved. ***Blankenship v. Demmler Mfg. Co.***, 411 N.E.2d 1153, 1155 (Ill. App. 1980); ***Laning v. National Ribbon & Carbon Paper Mfg. Co.***, 40 F.Supp. 1005, 1006 (N.D. Ill. 1941). Upon dissolution, a corporation's legal existence ceases to exist, and it no longer can sue or be sued. ***People v. Boyce***, 509 N.E.2d 776, 778 (Ill. App. 1987)***; Blankenship***, 411 N.E.2d at 1155; ***Laning***, 40 F.Supp. at 1006 ("It is not denied, or even questioned, that by the common law a corporation which has been dissolved absolutely, for all purposes whatsoever, stands upon the same footing as a dead person with respect to any power in the courts to enter a valid judgment against it.").

Illinois has adopted a survival statute which enlarges the time a corporation legally exists from that established under common law. The relevant statute provides that the dissolution of a corporation does not take away any civil remedy brought against a corporation for any claim existing or liability incurred prior to the dissolution that is commenced within five years of the date of dissolution. 805 Ill. Comp. Stat. 5/12.80. The corporate survival statute extends the existence of a corporation to wind up its affairs. ***In re Morris***, 171 B.R. 999, 1004 (S.D. Ill. 1993). Dissolution does not abate a pending action or

prevent suit by or against a corporation.  805 Ill. Comp. Stat. 5/12.30 (c)(4)-(5).

The defendants' prior counsel notified the court that Heidenreich filed for bankruptcy and closed its doors on March 1, 2012.  It is not clear whether Heidenreich ever formally dissolved or whether it is in bankruptcy.  Although a suit can proceed against a dissolved corporation and Local 142's suit was filed prior to dissolution and during the applicable survival period, the filing of the debtor's petition operates as an automatic stay applicable to all entities in the commencement or continuation of a judicial proceeding against the debtor except those actions enumerated in 11 U.S.C. §362(b).  11 U.S.C. §362(a) This action does not appear to be an action or proceeding excepted under §362(b) and may be subject to an automatic stay.  If the court is required to stay proceedings against Heidenreich, sanctions cannot be imposed.

Because the court is unaware of the status of the pending bankruptcy and Local 142 has not filed a status report as ordered by the court, the Motion for Sanctions Against Defendant Heidenreich Trucking Company [DE 36] filed on June 27, 2012, is **DENIED WITHOUT PREJUDICE.**  Local 142 is **DIRECTED** to file a status report with the court, informing the court on how it intends to proceed.

ENTERED this 1st day of August, 2012


                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge