IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION ) <br> LOCAL NO. 142 PENSION TRUST FUND, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> A D CONNER INC, and ) <br> HEIDENREICH TRUCKING COMPANY, ) <br>     Defendants. ) | CASE NO.: 2:10-CV-368 |

**STATUS REPORT**

    Plaintiffs, Trustees of the Teamsters Union Local No. 142 Pension Trust Fund, by counsel, now file their Status Report, as directed by the Court's August 1, 2012 Opinion and Order. [ DE 37 ].  Plaintiffs' intent in filing their Motion for Sanctions Against Defendant Heidenreich Trucking Company on June 27, 2012,  was in part to meet their obligation to provide information regarding the status of Heidenreich.  However, in reviewing the questions raised by the Court in its Opinion and Order, it is clear that Plaintiffs' discussion of Heidenreich's status was inadequate, and Plaintiffs apologize to the Court for that misstep.

    The court correctly notes that in his motion for leave to withdraw, counsel for both defendants stated that Heidenreich was in bankruptcy. Counsel provided no additional information, such as a bankruptcy case number or the venue in which it was filed.  However, a search through PACER of the records of bankruptcy filings in both the Northern District of Illinois, the judicial district in which Heidenreich is located, and the Northern District of Indiana, in which defendant also conducted business, reveals no record of Heidenreich having filed for bankruptcy.  Plaintiffs' pension fund, a creditor of Heidenreich, has received no such notice, as creditors typically would. Thus Plaintiffs have no reason to believe that a bankruptcy petition was filed by Heidenreich, or that an automatic stay of proceedings thereby has been invoked.

    Similarly, plaintiffs have received no notice of dissolution of the corporation, and they have been unable to confirm whether the dissolution of Heidenreich has occurred.   The court

noted that a potential dissolution of the corporation does not take away a civil remedy for a claim existing prior to the dissolution.

As noted in Plaintiffs' Motion for Sanctions, Heidenreich has failed to communicate with Plaintiffs whatsoever following the entry of the Order to Compel Discovery, and the Order granting its counsel leave to withdraw his appearance.  Through inquiries to union officers who previously had been in contact with Heidenreich, it appears that Heidenreich has shut down its operations.  Telephone calls to several published telephone numbers for Heidenreich have gone unanswered, or with a recording that the numbers are no longer in service.

Nonetheless, plaintiffs are cognizant of their fiduciary obligations pursuant to ERISA, to preserve fund assets and to collect all contributions which employers are obligated to pay.  Toward that end, plaintiffs seek to obtain a judgment against Heidenreich so that any available assets can be preserved and liquidated for payment to the plaintiffs' pension fund, to benefit the plan participants.  Because no stay of proceedings is in place without a bankruptcy filing by Heidenreich, Plaintiffs respectfully request that this court allow them leave to refile their Motion for Sanctions.

        Respectfully submitted,

        /s/ Teresa A. Massa

Teresa A. Massa, #16133-45
Terrell & Thrall, LLP
1158 W. Lincolnway, Ste. 1
Valparaiso, IN 46385
(219) 465-1766
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 6, 2012, I electronically filed the foregoing **Status Report** with the Clerk of the Court using the CM/ECF system, and mailed it to the following pro se party, an non-CM/ECF participant:

John Cunnea, Registered Agent
Heidenreich Trucking Company
160 S. LaGrange Road
Frankfort, IL 60423

                                          /s/ Teresa A. Massa
                                          Teresa A. Massa