```
UNITED STATES DISTRICT COURT
  NORTHERN DISTRICT OF INDIANA
       HAMMOND DIVISION


TRUSTEES OF THE TEAMSTERS UNION  )
LOCAL NO. 142 PENSION TRUST      )
FUND,                            )
                                 )
          Plaintiff              )
                                 )
     v.                          )   CIVIL NO. 2:10 cv 368
                                 )
AD CONNER, INC., and HEIDENREICH )
TRUCKING COMPANY,                )
                                 )
          Defendants             )
```

REPORT AND RECOMMENDATION

This matter is before the court on the Motion for Sanctions Against Defendant Heidenreich Trucking Company [DE 41] filed by the plaintiff, Trustees of the Teamsters Union Local No. 142 Pension Trust Fund, on September 12, 2012. For the reasons set forth below, **IT IS RECOMMENDED** that the Motion be **GRANTED** and that a default judgment be entered against Heidenreich.

Background

The plaintiff, Trustees of the Teamsters Union Local No. 142 Pension Trust Fund, filed a complaint against AD Conner, Inc., on September 20, 2010. The complaint later was amended to add Heidenreich Trucking Company, an Illinois corporation, on July 12, 2011. The complaint identifies Conner and Heidenreich as affiliated business enterprises with common officers, ownership, directors, management, employees, and supervision. The plaintiff

describes Heidenreich as a successor entity and alter ego of Conner.

On November 1, 2011, the court was informed that Conner filed for bankruptcy and stayed all proceedings against Conner. The suit remained pending against Heidenreich. On April 2, 2012, counsel for both defendants filed a motion for leave to withdraw. In his motion, counsel stated that Heidenreich also was in bankruptcy and went completely out of business on March 1, 2012. The court granted the defendants' counsel leave to withdraw, and no attorney has entered an appearance on behalf of Heidenreich. The court instructed the plaintiff to file a report within 30 days as to the status of the case. The plaintiff did not file a status report by this date, and instead, filed a motion for sanctions. In its motion for sanctions, the plaintiff explained that it filed a motion to compel on February 28, 2012, Heidenreich did not respond, and on March 30, 2012, this court entered an order compelling Heidenreich to provide full and complete responses within seven days. According to the plaintiff, Heidenreich had not provided any discovery and had failed to communicate with the plaintiff.

Because Heidenreich's former attorney informed the court that Heidenreich was in bankruptcy, the court dismissed the plaintiff's motion for sanctions without prejudice and directed

the plaintiff to file a status report detailing how it intended to proceed against Heidenreich. The plaintiff filed a status report on August 6, 2012, and informed the court that it was unable to locate Heidenreich's bankruptcy filing and never received a creditor's notice that Heidenreich filed for bankruptcy. Additionally, Heidenreich had not filed papers to dissolve the corporation. The plaintiff requested leave to re-file its motion for sanctions, and leave was granted. The plaintiff now asks the court to sanction Heidenreich by entering a default judgment against Heidenreich. Heidenreich has not responded to the plaintiff's motion, and the time to do so has passed.

## Discussion

Federal Rule of Civil Procedure 37(b)(2) gives the court authority to sanction a party for failing to comply with a court order and states in relevant part:

> (2) Sanctions in the District Where the Action Is Pending.
>
> > (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent
> > -- or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

3

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The authority to sanction a non-compliant party also arises from the court's inherent power to manage its cases and achieve an orderly disposition. *See* ***Chambers v. NASCO, Inc.,*** 501 U.S. 32, 44, 47, 111 S.Ct. 2123, 2132, 2134, 115 L.Ed.2d 27 (1991) (explaining that the court has broad inherent powers to sanction a

party); *Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993).

The court should consider several factors when determining which sanctions to employ, including: "the frequency and magnitude of the [party's] failure to comply with court deadlines, the effect of these failures on the court's time and schedules, the prejudice to other litigants, and the possible merits of the plaintiff's suit." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (*citing* *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998)). The sanctions must be proportional to the party's misconduct. *Collins v. Illinois,* 554 F.3d 693, 696-698 (7th Cir. 2009). The court measures this by weighing the proposed sanctions against the egregiousness of the party's conduct. *Barnhill*, 11 F.3d at 1368.

Dismissal is the most severe sanction and generally is applied only when a party has displayed exceptional misconduct or when less drastic sanctions have proven unavailing. *Sun v. Board of Trustees*, 473 F.3d 799, 811 (7th Cir. 2007) (explaining that the Seventh Circuit has a well established policy of favoring trial on the merits over default judgments); *Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *Danis v. USN Communications, Inc.*, 2000 WL 1694325, *33-34 (N.D. Ill. Oct. 23, 2000) ("Because a default judgment deprives a party of a hearing on the

merits, the harsh nature of this sanction should usually be employed only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party") (*citing Societe Internationale v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) (explaining that a party should be sanctioned with dismissal only in extreme situations where there is evidence of willfulness, bad faith or fault by the noncomplying party)). The court first must consider whether less severe sanctions will remedy the damage. *Marrocco v. General Motors*, 966 F.2d 220, 223-24 (7th Cir. 1992).

The Seventh Circuit has employed two different standards for determining whether dismissal is an appropriate sanction. When assessing dismissal for want of prosecution or the failure to comply with a court order, the court must consider whether there has been a clear record of delay or contumacious conduct or whether less drastic sanctions have been unavailing. *Maynard*, 332 F.3d at 468-69; *Large v. Mobile Tool International, Inc.*, 2008 WL 2116967, *7 (N.D. Ind. 2008) ("[C]ontumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, fault or even prejudice is required."). "A slightly different requirement-a finding of willfulness, bad faith or fault-comes into play when dismissals are used specifi-

6

cally as a discovery sanction under Fed.R.Civ.P. 37." *Maynard*, 332 F.3d at 468-69 (*citing* *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001); *Langley v. Union Electric Co.*, 107 F.3d 510, 514 (7th Cir. 1997); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1046-47 (7th Cir. 2000) (requiring a finding of bad faith when a district court dismisses a case under the inherent powers of the court)). "That is, even without 'a clear record of delay, contumacious conduct or prior failed sanctions,' a court can apply the sanction of dismissal for Rule 37 violations with a finding of willfulness, bad faith or fault, as long as it first considers and explains why lesser sanctions would be inappropriate." *Maynard*, 332 F.3d at 468. *See also* *Melendez v. Illinois Bell Co.*, 79 F.3d 661, 671 (7th Cir. 1996) ("Sanctions are proper upon a finding of wilfulness, bad faith, or fault on the part of the noncomplying litigant.").

Bad faith is "conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Marrocco*, 966 F.2d at 224; *Maynard*, 332 F.3d at 470 (explaining that bad faith is exhibited where a party fails to comply with a court order or provides false or misleading responses). Similarly, fault does not mean the party's subjective motivation, but rather "the reasonableness of the conduct — or lack thereof — which eventually culminated in the violation."

*Marrocco*, 966 F.2d at 224; *Langley*, 107 F.3d at 514. The Seventh Circuit requires clear and convincing evidence of the discovery abuse to justify a default judgment because of the harsh nature of the penalty and the court's policy of favoring trial on the merits. *Maynard*, 332 F.3d at 468 ("[C]onsidering the severe and punitive nature of dismissal as a discovery sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."); *Larson v. Bank One Corp.*, 2005 WL 4652509, *9 (N.D. Ill. August 18, 2004) (explaining that a default judgment requires clear and convincing evidence of the sanctionable conduct, although an issue-related sanction requires only a preponderance of the evidence).

It appears that Heidenreich has chosen to forego defending this suit. Heidenreich did not file a response to either of the plaintiff's motions for sanctions and has refused to comply with the court's order compelling discovery. The court directed Heidenreich to serve its responses to the plaintiff's discovery requests within seven days of the March 30, 2012 Opinion and Order, but to this date Heidenreich has refused to comply. Not only is Heidenreich's blatant disregard for the court's order without explanation grounds for default, Heidenreich also has failed to secure counsel. Indiana Code §34-9-1-1(c) states that a corporation must appear by counsel in all cases. A corpora-

tion's failure to have counsel may be grounds for dismissal. ***Operating Engineers Local 139 Health Benefit Fund v. Rawson***, 130 F.Supp.2d 1022, 1024 (E.D. Wis. 2001)("[F]ailure to appear by counsel will lead to dismissal or default and default judgment.").

Heidenreich has failed to participate in this suit since it filed its answer to the plaintiff's amended complaint on August 11, 2011, has not cooperated in discovery, has failed to follow the court's order, and does not have counsel of record. For these reasons, **IT IS RECOMMENDED** that the Motion for Sanctions Against Defendant Heidenreich Trucking Company [DE 41] filed by the plaintiff, Trustees of the Teamsters Union Local No. 142 Pension Trust Fund, on September 12, 2012, be **GRANTED**, and default judgment be entered against Heidenreich.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies e-mailed to the Chambers of the Honorable Philip P. Simon, Judge of the United States District Court, Hammond Division, and the Chambers of United States Magistrate Judge Andrew P. Rodovich, Hammond Division. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or

the Court of Appeals.  *Hunt v. DaVita, Inc.,* 680 F.3d 775, 780 n.1 (7th Cir. 2012); *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988).

ENTERED this 25th day of October, 2012

                                        s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge